UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
─────────────────────────────────────────x
RAYMOND C. KNOX and KATHERINE C.         :
BARRAMEN,                                :
                                         :       OPINION AND ORDER
                    Plaintiffs,          :
                                         :       10 Civ. 1671 (ER)
      v.                                 :
                                         :
COUNTY OF PUTNAM, PUTNAM COUNTY          :
SHERIFF'S DEPARTMENT, TIMOTHY R.         :
GANNON, CATHERINE BRUMLEY, ANDREW        :
D. CLAVY, PATRICK O'CONNELL, RONALD      :
SCHIAVONE and CATHY BOOKLESS,            :
                                         :
                    Defendants.          :
─────────────────────────────────────────x
```

RAMOS, D.J.:

      Before the Court is the Report and Recommendation ("R&R") dated July 23, 2014 of Magistrate Judge Paul E. Davison, to whom this matter was referred for an inquest as to damages following default judgments against certain defendants. For the reasons stated herein, the Court ADOPTS the R&R and directs the entry of judgment as recommended.

**I.  Background**

      Plaintiff Raymond C. Knox and his wife Katherine C. Barramen (collectively, "Plaintiffs") commenced this action against Putnam County (the "County"), the Putnam County Sheriff's Department ("PCSD"), Timothy R. Gannon, Catherine Brumley, Andrew D. Clavy, Patrick J. O'Connell, Ronald Schiavone and Cathy Bookless on March 2, 2010, alleging state and federal claims for malicious prosecution, a federal claim for deprivation of the right to a fair trial, and a derivative claim for loss of services and consortium on behalf of Barramen. Doc. 1. On March 31, 2010, pursuant to a stipulated order executed by the parties and entered by the

Honorable Cathy Seibel, to whom this case was previously assigned, Plaintiffs discontinued the instant action as against the PCSD, as well as the federal § 1983 malicious prosecution and fair trial claims against the County.  Doc. 12.

On July 23, 2010, Judge Seibel entered partial summary judgment on the issue of liability against defendants Clavy, O'Connell, and Schiavone (collectively, "Defaulting Defendants"),[1] and directed that an inquest on damages against the Defaulting Defendants be held at the same time as a trial against the remaining, non-defaulting defendants.  Doc. 26.  Following a trial before this Court in February 2014, a jury returned a verdict in favor of the non-defaulting defendants on all claims.  Doc. 97.  The matter was then referred to the Honorable Paul E. Davison, United States Magistrate Judge, for an inquest as to damages against the Defaulting Defendants.  Doc. 99.

Following an evidentiary hearing held on July 1, 2014, Judge Davison issued his R&R on July 23, 2014, concluding that a judgment for damages should be entered as follows:

- Compensatory damages in favor of Plaintiff Knox in the amount of $316,855.10;
- Compensatory damages in favor of Plaintiff Barramen in the amount of $50,000; and
- Punitive damages in favor of Plaintiff Knox in the amount of $100,000 against each Defaulting Defendant.

R&R 16.[2]  The R&R included notice to the parties that they could file objections within fourteen (14) days of service of the R&R, and that failure to timely object would preclude later appellate review of any order of judgment entered.  *Id.* at 16-17.  No objection has been filed.  The Defaulting Defendants have therefore waived their right to object to the R&R.  *See Dow Jones &*

---

[1] Partial default judgment was also entered against defendant Catherine Brumley.  Doc. 26.  However, Brumley is deceased, and Plaintiffs elected not to seek damages against her estate.

[2] The Defaulting Defendants, as joint tortfeasors, are jointly and severally liable to Plaintiffs for the compensatory damages awards.  *See Hecht v. City of New York*, 60 N.Y.2d 57, 62 (1983).  The punitive damage awards are assessed individually.

*Co. v. Real-Time Analysis & News, Ltd.*, No. 14 Civ. 131 (JMF) (GWG), 2014 WL 5002092, at *1 (S.D.N.Y. Oct. 7, 2014) (citing *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.1992); *Caidor v. Onondaga County,* 517 F.3d 601, 604 (2d Cir.2008)).

**II.     Standard of Review**

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C); *see also United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997). The district court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008). The district court will also review the report and recommendation for clear error where a party's objections are "merely perfunctory responses" argued in an attempt to "engage the district court in a rehashing of the same arguments set forth in the original petition." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted).

### III. <u>Conclusion</u>

No party has objected to the R&R. The Court has reviewed Judge Davison's thorough R&R and finds no error, clear or otherwise. Judge Davison reached his determination on damages after a careful review of Plaintiffs' submissions and testimony. R&R 2-3. The Court therefore ADOPTS Judge Davison's recommended judgment regarding damages for the reasons stated in the R&R.

The parties' failure to file written objections precludes appellate review of this decision. *PSG Poker, LLC v. DeRosa-Grund*, No. 06 CIV. 1104 (DLC), 2008 WL 3852051, at *3 (S.D.N.Y. Aug. 15, 2008) (citing *Male Juvenile,* 121 F.3d at 38).

Plaintiff shall serve each Defaulting Defendant with a copy of this Opinion and Order at his last known address, and shall file appropriate proof of service.

It is SO ORDERED.

Dated: December 23, 2014
New York, New York

_____
Edgardo Ramos, U.S.D.J.